UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 08-071 (EGS) |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | |
| GREGORY LAVON GROVER, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTION PURSUANT
TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of defendant's prior convictions for impeachment purposes should the defendant elect to testify at trial in the above-captioned case. In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter:

1. The defendant has been charged in a one count indictment with Unlawful Distribution of 5 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(iii). The defendant's prior conviction is as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
| --- | --- | --- | --- | --- |
| Distribution of a controlled Substance - Cocaine | F-2028912-07 | Superior Court-DC | 2 years | 2/19/08 |

2.     Federal Rule of Evidence 609(a)(1) provides for the admission of prior convictions of a defendant for impeachment purposes, subject to the time constraints of Rule 609(b), if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant. Here, the defendant's conviction clearly qualifies and meets the requirements of Rule 609(b). Should the defendant choose to testify, we seek to use this conviction, pursuant to Fed. R. Evid. 609, to impeach him.

3.     In evaluating whether the probative value of this conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc). In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. Id. at 1051, 1073. Here, the prejudicial effect of using this conviction for impeachment is outweighed by its probative value:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980). In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.

4.  As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." Id. at 950 (citation omitted).  In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. Id. at 943, 947.  The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. Id. at 950.

5.  Inasmuch as every impeachment by prior conviction involves some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the Defendant in this case. Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original).  Should the defendant testify in this case, the issue of his credibility will be a central issue for the jury.  The probative value of the conviction in assessing that credibility, involving as it does serious and recent offenses, clearly outweighs whatever prejudice there may be to the defendant -- particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes, and respectfully requests that this Honorable Court grant the Government's Motion to Impeach the defendant's credibility with his prior conviction should he testify at trial.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

BY:                      /s/
EMORY V. COLE
Assistant United States Attorney
Organized Crime and Narcotics Section
555 4th Street, N.W.  #4213
Washington, DC 20001
Emory.Cole@usdoj.gov
(202) 616-3388